IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ABIGAIL JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13–cv–1273–MJR–PMF |
| | ) |
| CASEY CHONKA, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**REAGAN, District Judge:**

In suing Defendant on allegations stemming from a March 2012 automobile collision, Plaintiff has invoked the Court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332. That statute requires that no plaintiff may be from the same state as any defendant. *Hart v. FedEx Ground Packaging Sys., Inc.*, 457 F.3d 675, 676 (7th Cir. 2006). In a motion to dismiss filed on January 20, 2014, Defendant challenges the sufficiency of Plaintiff's allegations, whether the Court has personal jurisdiction over Defendant, and whether venue is proper. (Doc. 8). Plaintiff filed a rapid response to the motion. (Doc. 10).

Before turning to the motion to dismiss, the Court must address whether it has federal subject-matter jurisdiction. Federal courts are, of course, courts of limited jurisdiction, and the burden of establishing whether a case can be brought rests with the party asserting jurisdiction (here, Plaintiff). *Id.* at 679. *See also Wernsing v. Thompson*, 423 F.3d 732, 743 (7th Cir. 2005) ("[N]ot only may the federal courts police subject matter jurisdiction *sua sponte*, they must.") (internal citation omitted). Plaintiff's Complaint contains several defects which require attention, namely Plaintiff's allegations she "is informed and believed" the parties are "residents" of their respective home states. The Seventh Circuit has roundly rejected jurisdictional allegations

1

made upon "information and belief," *Med. Assurance Co. v. Hellman*, 610 F.3d 371, 376 (7th Cir. 2010); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992), and an allegation of residence does not suffice to establish citizenship, *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012).

The policy of deciding cases on the basis of the parties' substantive rights (rather than on technicalities) requires that Plaintiff "be given every opportunity to cure a formal defect" in her pleading. *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004). The Court accordingly **ORDERS** Plaintiff to remedy the above-identified defects in a First Amended Complaint, which shall be due on or before Friday, January 31, 2014.

**IT IS SO ORDERED.**

DATE: January 29, 2014				s/ *Michael J. Reagan*
						**MICHAEL J. REAGAN**
						United States District Judge